UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAGDIPIK RAI AND RIMPPI RAI, ) | Case No.: 10-CV-04291-LHK |
| ) | |
| Plaintiffs, ) | ORDER DENYING PLAINTIFF'S |
| v. ) | "PETITION FOR TEMPORARY |
| ) | INJUNCTION" |
| GMAC MORTGAGE, ) | |
| ) | (re: docket #2) |
| Defendant. ) | |
| ) | |

On September 22, 2010, Plaintiffs Jagdipik Rai and Rimppi Rai, proceeding *pro se*, filed a "Petition for Temporary Injunction" seeking the prevention of foreclosure and sale on their property at 6447 Hyde Park Drive, Gilroy, California 95020. The case was reassigned to this Court on September 24, 2010. Because Plaintiffs did not comply, or even attempt to comply, with the requirements in Federal Rule of Civil Procedure 65(b), the Court DENIES their Petition for Temporary Injunction without prejudice.

The Court is mindful of the leeway due to *pro se* litigants. *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Although vague and confusing, the Court interprets Plaintiffs' petition as seeking the issuance of a temporary restraining order without notice to Defendant GMAC Mortgage. Federal Rule of Civil Procedure 65(b)(1) states that the court may issue a temporary restraining order without notice only if: "A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and B) the movant's attorney

1

Case No.: 10-CV-04291-LHK
ORDER DENYING PLAINTIFFS' PETITION FOR TEMPORARY INJUNCTION

certifies in writing any efforts made to give notice and the reasons why it should not be required." Also related to notice, the Court's Local Rule 65-1(b) states that, unless relieved by the Court for good cause shown, "on or before the day of an *ex parte* motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party."

Plaintiffs' petition is insufficient on both grounds. First, Plaintiffs only make a vague statement that "defendant has made it clear that sale and eviction from the property are imminent." Pls.' Pet'n at 32. Plaintiffs have not alleged that the property will be sold before Defendant can be heard in opposition of their petition. In fact, Plaintiffs have not even alleged a date on which the property will be sold by, for example, citing to a notice of trustee's sale. Thus, Plaintiffs have not alleged "specific facts" that "clearly show" that irreparable injury will occur before Defendant even has an opportunity to be heard in opposition. And second, Plaintiffs have not alleged *any* efforts to give Defendant notice of the filing of their petition seeking a temporary injunction or *any* reasons why such notice should not be required per Federal Rule 65(b)(1) and Local Civil Rule 65-1(b). Although *pro se*, Plaintiffs are apparently familiar with the requirements for seeking a temporary restraining order without notice to the adverse party as their petition, on page 30, actually cites to Federal Rule of Civil Procedure 65(b)(1).

Accordingly, the Court DENIES Plaintiffs' petition for a temporary injunction without prejudice. If Plaintiffs choose to file another application for a temporary restraining order, they must include sufficient allegations to overcome the deficiencies specified above.

**IT IS SO ORDERED.**

Dated: September 27, 2010

_____
LUCY H. KOH
United States District Judge

2
Case No.: 10-CV-04291-LHK
ORDER DENYING PLAINTIFFS' PETITION FOR TEMPORARY INJUNCTION