UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAGDIPIK RAI AND RIMPPI RAI,   )<br>                                                      )<br>               Plaintiffs,             )<br>     v.                                          )<br>                                                      )<br>GMAC MORTGAGE,                  )<br>                                                      )<br>               Defendant.           )<br>_____) | Case No.: 10-CV-04291-LHK<br><br>ORDER DENYING PLAINTIFFS' SECOND MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(re: docket #17) |

On December 11, 2010, Plaintiffs Jagdipik Rai and Rimppi Rai, proceeding *pro se*, filed a three-page "Second Motion for Temporary Restraining Order" seeking the prevention of an auction sale of their property at 6447 Hyde Park Drive, Gilroy, California 95020. According to Plaintiffs, "the property is scheduled to be sold at auction on December 21, 2010." Plaintiffs allege that the sale cannot proceed because a "request for validation of debt, as well as a Qualified Written Request [QWR] have been sent to Respondent." *See* Pls.' Second Mot. for Temporary Restraining Order at ¶¶ 1-2 ("Pls.' Second Motion for TRO") [dkt. #17]. Defendants filed an opposition on December 15, 2010. For the reasons discussed below, the Court DENIES Plaintiffs' Second Motion for Temporary Restraining Order.

The Court is mindful of the leeway due to *pro se* litigants. *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). However, Plaintiffs have not made the requisite showing entitling them to the extraordinary relief of a temporary restraining order. The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v.*

1

*Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  A plaintiff seeking a preliminary injunction must make a four-fold showing: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008); *Amer. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  The Ninth Circuit has recently ruled that "the 'serious questions' version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*."  *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1052 (9th Cir. 2010).  This test states that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor."  *Id*.  Plaintiffs must still meet the other *Winter* factors.  *Id*.

The Court recognizes that the loss of one's home may constitute irreparable harm.  *Saba v. Caplan*, No. C 10-02113 SBA, 2010 U.S. Dist. LEXIS 76790, at *13-*14 (N.D. Cal. July 6, 2010).  However, Plaintiffs have not demonstrated a likelihood of success on the merits, or even that "serious questions" going to the merits are raised.  Plaintiffs allege that a non-judicial foreclosure sale is restricted pending "validation and verification of the alleged debt" under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, and the Truth in Lending Act ("TILA"), 15 U.S.C. §1601.

First, Plaintiffs' sparse allegations are mere legal conclusions, and certainly do not "plead enough facts to state a claim that is plausible on its face."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiffs state that their arguments are more fully set forth in the "Petitioner Affidavit in Support of Motion for Temporary Restraining Order."  *See* Pls.' Second Motion for TRO at ¶5.  No such document has been filed with the Court.

Second, Plaintiffs have not alleged how any of the statutes they reference were violated.  Plaintiffs have not alleged that Defendant is a "debt collector" (a requirement under the FDCPA), but even had they done so, "foreclosing on the property pursuant to a deed of trust is not the


1  collection of a debt within the meaning of the FDCPA." *See Powell v. Residential Mortg. Capital*, 2010 U.S. Dist. LEXIS 59698 (N.D. Cal. May 24, 2010) (Fogel, J.).  And, Plaintiffs point to no provision under TILA, a disclosure statute, which requires "validation of debt."

Under RESPA, a loan servicer has the duty to act when it receives a QWR "for information relating to the servicing of the loan." 12 U.S.C. § 2605(e)(1)(A).  Failure to do so may entitle a plaintiff to statutory or actual damages.  12 U.S.C. § 2605(f)(1)(A)-(B).  Here, however, Plaintiffs have made no factual allegations regarding damages, and Plaintiffs are not entitled to a TRO merely by alleging they sent a QWR to Defendant.  *See Rivera v. BAC Home Loans Servicing, L.P.*, 2010 U.S. Dist. LEXIS 80294 (N.D. Cal. July 9, 2010) (the damages remedies available under RESPA do not permit injunctive relief against foreclosure).

A temporary restraining order, like a preliminary injunction, is an extraordinary remedy that is not lightly granted.  A moving party must demonstrate some likelihood of success on the merits.  Plaintiffs have failed to do so here, and their motion for a temporary restraining order therefore must be DENIED.

**IT IS SO ORDERED.**

Dated: December 17, 2010

_____
LUCY H. KOH
United States District Judge