UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAGDIPIK RAI AND RIMPPI RAI, | Case No.: 10-CV-04291-LHK |
| Plaintiffs, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITH PREJUDICE |
| v. | |
| GMAC MORTGAGE, | |
| Defendant. | (re: docket #12) |

Plaintiffs Jagdipik and Rimppi Rai ("Plaintiffs"), proceeding *pro se*, bring suit against GMAC Mortgage ("Defendant") alleging violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et* seq. and various state law claims in connection with the non-judicial foreclosure of property located at 6447 Hyde Park Drive, Gilroy, California (the "Property"). The Court has previously denied Plaintiffs' two motions for temporary restraining orders for failure to comply with the notice requirements of the Federal Rules of Civil Procedure and failure to establish a likelihood of success on the merits. The Court has also granted Plaintiffs' request to electronically file and serve their documents on the Court's Electronic Case Filing (ECF) system based on Plaintiffs representations that they now reside in Surrey, British Columbia, Canada. Presently before the Court is Defendant's Motion to Dismiss. Plaintiffs did not file an Opposition. The Court finds this matter appropriate for resolution without oral argument. *See* Civ. L.R. 7-1(b). For

1

1   the reasons described below, Defendant's Motion to Dismiss is GRANTED in part with leave to
2   amend and in part with prejudice.

## I.  BACKGROUND

### A.  Plaintiffs' Complaint

Plaintiffs, who are now apparently residing in Surrey, British Columbia, Canada, filed an "Original Petition" on September 22, 2010.  The Court will refer to this "Original Petition" as Plaintiffs' Complaint.  The thirty-two page Complaint consists mostly of generalized allegations against "unscrupulous lenders" and the entire "mortgage system itself."  *See, e.g.*, Compl. at 3 (discussing the general state of the real estate industry and the "best of intentions").  The Complaint also refers to "Defendants," although Plaintiffs have only named a single Defendant (GMAC Mortgage) -- an entity about which Plaintiffs fail to make *any* specific claims.  The only specific factual information in the Complaint relates to the origination of a loan on the Property: Plaintiffs allege they "entered into a consumer contract for the refinance of a primary residence located at 6447 Hyde Park Dr.   Gilroy  CA 95020," *id.* at 1 (spacing as in original) and, later in the Complaint, provide a "listing of the fees charged at settlement."  *See id.* at 15.  Plaintiffs do not identify the lender, the loan amount, or the date of the loan transaction.  Beginning on page 25 of the Complaint, Plaintiffs allege six causes of action: (1) breach of fiduciary duty; (2) negligence and negligence per se; (3) fraud; (4) breach of implied covenant of good faith and fair dealing; (5) violation of TILA; and (6) intentional infliction of emotional distress.  Plaintiffs' Complaint concludes with a prayer of relief for, *inter alia*, rescission, compensatory damages in the amount of $503,890.80, punitive damages in the amount of $1,511,672.40, and pain and suffering in an unspecified amount.  *Id.* at 30-31.

### B.  Defendant's Motion to Dismiss and Request for Judicial Notice

Defendant submits that the following are the relevant allegations in the Complaint and judicially noticeable facts.  *See* Def.'s Mot. to Dismiss at 2.[1]  On July 31, 2008, Plaintiffs obtained

---

[1] The Court takes judicial notice of these facts pursuant to Federal Rule of Evidence 201, as they are based on public records "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."   *See* Fed. R. Evid. 201(b); *see also Lee v. City*

2
Case No.: 10-CV-04291-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITH PREJUDICE

a residential mortgage loan for $510,000 in connection with the Property. The loan was secured by a Deed of Trust recorded on or about August 6, 2008 with the Santa Clara County Recorder's Office. *See* Def.'s Request for Judicial Notice ("RJN"), Exh. A. The August 6, 2008 Deed of Trust identifies "Your Best Rate Financial, LLC" as the lender, "National Real Estate Information Services" as the trustee, "Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, and Plaintiffs as the borrowers. Plaintiffs defaulted on the loan, and a Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded on or about June 9, 2010. *See* Def.'s RJN, Exh. B. The NOD indicated that, as of June 7, 2010, the amount in arrears on Plaintiffs' loan was $25,968.50. The NOD also notified Plaintiffs that no date of sale would be set until three months from the NOD. A Notice of Trustee's Sale was recorded on September 9, 2010. *See* Def.'s RJN, Exh. C. According to that Notice, the Property would be auctioned off for sale on October 5, 2010. In addition, the Notice of Trustee's Sale provided that the total amount of unpaid balance and reasonable costs/expenses was $545,075.00.

## II.  LEGAL STANDARDS

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Services, Inc.*, 606 F.3d 658, 664 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

---

*of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (courts may take judicial notice of matters of public record).

3

Case No.: 10-CV-04291-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITH PREJUDICE

(2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949.

If the Court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### III. ANALYSIS

Defendant has moved to dismiss the Complaint on a number of grounds, including the absence of any specific claims against Defendant GMAC Mortgage and the absence of any factual allegations to support any of the claims.  As noted above, Plaintiffs have not filed an Opposition. The Court finds that Plaintiffs' Complaint is fatally deficient in a number of respects, including failure to satisfy the minimum pleading requirements of Federal Rule of Civil Procedure 8.  Thus, the Court grants Defendant's Motion to Dismiss.

**A. Plaintiffs' Untimely Motion for Leave to File an Amended Complaint**

On December 11, 2010, Plaintiffs filed a motion for leave to file an amended complaint. *See* Dkt. #16.  In that motion, Plaintiffs did not identify any new claims or supporting factual allegations, but instead asked for leave to correct "technical and formatting errors," to make a more concise TILA claim, and to add two Defendants (Your Best Rate Financial, LLC and MERS). Defendant opposed the motion correctly noting that the period for leave to amend under Federal Rule of Civil Procedure 15 as a matter of right had long since expired. *See* Fed. R. Civ. 21(a)(1)(A) (providing for amendment as a matter of course within "21 days after service of a responsive pleading or 21 days within service of a motion under Rule 12(b), (e), or (f).").  Defendant also opposed the Court's granting leave to amend because even Plaintiffs' amended complaint would not cure the serious deficiencies in the original complaint.

The Court agrees with Defendant.  The deficiencies in both the original Complaint and proposed amended complaint are far more serious than mere "technical and formatting errors" or

4

Case No.: 10-CV-04291-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITH PREJUDICE

wordiness.  The overarching problem is that Plaintiffs fail to allege *any* specific factual allegations to support *any* claim against *any* Defendant, including the two Defendants they seek to add.  Moreover, Plaintiffs' understanding of the law is seriously flawed.  Under these circumstances, where Plaintiffs are representing themselves, and a motion to dismiss is pending, the Court finds that dismissal of Plaintiffs' original Complaint with leave to amend is the more appropriate and efficient route.  Accordingly, Plaintiffs' motion for leave to file an amended complaint is DENIED without prejudice.

The Court offers the following discussion should Plaintiffs choose to amend their complaint after reviewing this Order.  *See, e.g.*, *Gutierrez v. Wells Fargo Bank*, 2009 U.S. Dist. LEXIS 38142 (N.D. Cal. Apr. 20, 2009) (adopting a similar approach in a foreclosure action involving a pro se plaintiff).  Such an amended complaint *may* include Your Best Rate Financial, LLC and MERS as additional Defendants, but Plaintiffs *must* provide specific factual allegations for each element for each of their claims, and *must* state with specificity to which Defendants each of their claims apply.  Failure to do so risks dismissal of this entire action with prejudice.

### B. Plaintiffs' Federal Claim

#### 1. TILA

Plaintiffs allege only one federal cause of action: a violation of TILA.  TILA requires, among other things, disclosure of finance charges and the annual percentage rate.  *See* 15 U.S.C. § 1638(a); 12 C.F.R. § 226.18.  Lenders must provide borrowers with clear and accurate disclosures, including two copies of a notice of a right to rescission.  15 U.S.C. § 1635.  Violation of TILA provides borrowers with two potential forms of relief: rescission and monetary damages.  *See* 15 U.S.C. §§ 1635, 1640.  If a lender fails to disclose material information required by TILA, a borrower has a right to rescind within three years of consummation of the loan.  *See King v. California*, 784 F.2d 910, 913 (9th Cir. 1986).  In addition, a borrower has a right to monetary damages within one year of consummation of the loan.  *Id*. at 915.  However, "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the

5

Case No.: 10-CV-04291-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITH PREJUDICE

borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *See id*. at 915.

Plaintiffs do not specify in their Complaint whether their TILA claim is for rescission or monetary damages. In either case, however, Plaintiffs have failed to state a claim for a violation of TILA. As noted above, Plaintiffs have failed to allege any specific factual allegations to support their TILA claim. For example, Plaintiffs do not allege that Defendant failed to make required disclosures or that Defendant made inaccurate disclosures. Moreover, any such allegation as to the origination of the loan against Defendant GMAC Mortgage, a loan servicer not a lender, would seem implausible. *See Twombly*, 550 U.S. at 570 (the complaint must plead "enough facts to state a claim for relief that is plausible on its face.").

Without equitable tolling, Plaintiffs' claim for monetary damages under TILA would be barred by the relevant one year statute of limitations. *See* 15 U.S.C. § 1640. The loan transaction occurred on July 31, 2008, but Plaintiffs did not file suit until September 22, 2010. The Court recognizes that it has "a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). However, if a plaintiff, even a pro se plaintiff, "fails to allege facts demonstrating that he could not have discovered the alleged violations by exercising reasonable diligence," dismissal is appropriate. *Rosenfeld v. JPMorgan Chase Bank, N.A.*, No. C 09-6070, 2010 WL 3155808 (N.D. Cal. 2010) (citing *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902-03 (9th Cir. 2003)). Here, Plaintiffs fail to allege any facts that could support equitable tolling of any potential TILA claim for monetary damages. Because the Ninth Circuit generally disfavors resolving a motion to dismiss on equitable tolling grounds unless it is clear that equitable tolling is inappropriate, the Court dismisses Plaintiffs' TILA damages claim with leave to amend. *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995).

Plaintiffs' claim for rescission under TILA may be timely, as Plaintiffs filed suit within the three year statute of limitations for TILA rescission claims. *See* 15 U.S.C. § 1635. However, Plaintiffs' TILA claim for rescission still founders on the lack of any factual allegations as to what

6

Case No.: 10-CV-04291-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITH PREJUDICE

disclosures were not provided. Moreover, absent from Plaintiffs' Complaint is any allegation that they attempted to tender, or even have the capability of tendering the value of the Property in the event of rescission. *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1171 (9th Cir. 2003) ("a trial judge has the discretion to condition rescission on tender by the borrower of the property he had received from the lender."). District Courts in this Circuit have adopted varying interpretations of *Yamamoto*. *See Kakogui v. Am. Brokers Conduit*, 2010 U.S. Dist. LEXIS 44593, *10 (N.D. Cal. Mar. 30, 2010) (comparing cases holding present ability to tender loan proceeds is a requirement for rescission with cases holding that tender is not always a precondition to a claim for rescission at the motion to dismiss stage).

With the sparse factual allegations before it, the Court defers ruling on the tender issue at this time. Plaintiffs should take notice, however, that even if the Court exercises its discretion not to require tender at the motion to dismiss stage, Plaintiffs will not be entitled to rescission at the end of the litigation unless they can tender the principal balance of the loan. In any amended complaint, Plaintiffs must either allege: (1) the present ability to tender the full loan proceeds owed; or (2) provide specific factual allegations as to why tender should not be required at this stage of the litigation, and specific allegations that they will be able to tender the full loan proceeds within a reasonable period of time.

For the reasons identified, Defendant's motion to dismiss the TILA cause of action is GRANTED. Plaintiffs are granted leave to amend their TILA claim to cure all of the deficiencies identified above.

**C.  Plaintiffs' State Law Claims**

While Plaintiffs allege only one federal cause of action over which the Court has original jurisdiction, the Court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367. The Court has discretion to hear such claims "where there is a substantial federal claim arising out of a common nucleus of operative fact." *Hoeck v. City of Portland*, 57 F.3d 781, 785

7

Case No.: 10-CV-04291-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITH PREJUDICE

(9th Cir. 1995). Without a claim over which the Court has original jurisdiction, it may not hear any of Plaintiffs' state law claims. Here, the Court will exercise supplemental jurisdiction over Plaintiffs' state law claims because they appear closely related to Plaintiffs' federal TILA cause of action. As with the TILA cause of action, the Court finds numerous deficiencies in all of Plaintiffs' state law claims. The Court grants Defendant's motion to dismiss with respect to those state causes of action with leave to amend. Should they choose to amend their Complaint after reviewing this Order, Plaintiffs must respond and cure all the deficiencies identified or risk dismissal of this entire action with prejudice.

### 1. Breach of Fiduciary Duty

Plaintiffs allege that "Defendants Agent, appraiser, trustee, Lender, et al, and each of them, owed Petitioner [Plaintiffs] a fiduciary duty of care with respect to the mortgage loan transactions and related title activities involving the Trust Property." *See* Compl. at 25. It bears repeating that Plaintiffs have only named one Defendant, GMAC Mortgage, and have made no specific factual allegations as to GMAC Mortgage's role in the loan transaction. Moreover, in the context of a commercial borrower-lender relationship, as here, the relationship is not fiduciary in nature. *See Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (Ct. App. 1991). Rather, a commercial lender is entitled to pursue its own economic interests, and therefore does not generally owe a fiduciary duty to its borrowers. *Id*. at 1093 n.1. Without an identified fiduciary duty to Plaintiffs, any cause of action for breach of fiduciary duty will necessarily fail.

Accordingly, Plaintiffs' breach of fiduciary duty claim is dismissed with leave to amend.

### 2. Negligence and Negligence Per Se

Plaintiffs plead causes of action for negligence and "negligence per se." To state a claim for negligence, a plaintiff must allege: (1) the defendant's legal duty of care to the plaintiff; (2) the defendant's breach of duty; (3) injury to the plaintiff as a result of the breach; and (4) damage to the plaintiff. *See Hoyem v. Manhattan Beach City Sch. Dist.*, 22 Cal. 3d 508, 513 (1978). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere

8

Case No.: 10-CV-04291-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITH PREJUDICE

lender of money." *See Nymark*, 231 Cal. App. 3d at 1096. In addition, negligence per se is not a separate cause of action, but rather an evidentiary presumption that a party failed to exercise due care in certain limited circumstances. *See* Cal. Evid. Code § 669.

Plaintiffs allege that "Defendants owed a general duty of care with respect to Petitioners, particularly concerning their duty to properly perform due diligence as to the loans and related transactional issues described hereinabove." *See* Compl. at 25. Plaintiffs, however, make no specific factual allegation against the only named Defendant, GMAC Mortgage (a loan servicer, not a lender), and make no specific factual allegations as to the conduct of any other potential Defendant. Thus, Plaintiffs fail to state a claim for negligence. Moreover, a negligence claim is subject to a two year statute of limitations. *See* Cal. Civ. Proc. Code § 335.1. Plaintiffs' September 22, 2010 filing of suit is more than two years beyond the July 31, 2008 loan transaction date, and is apparently time-barred.

Accordingly, Plaintiffs' negligence cause of action is dismissed with leave to amend. Any amended complaint must provide specific factual allegations to support a negligence cause of action, and must provide sufficient factual allegations to why the negligence cause of action is not barred by the two year statute of limitations.

### 3. Fraud

Under their fraud cause of action, Plaintiffs' Complaint alleges that "Agent [unidentified elsewhere in the Complaint] acted in concert and collusion with others named herein [no other entities or individuals are named in the Complaint] in promulgating false representations to cause Petitioner to enter into the LOAN without knowledge or understanding of the terms thereof." *See* Compl. at 26.

To establish a cause of action for fraudulent misrepresentation, a plaintiff must plead and prove four elements: (1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages. *See Service by Medallion, Inc. v. Clorox Co.*, 44 Cal. App. 4th 1807, 1816 (Ct. App. 1996). Moreover, a plaintiff's complaint must be pled with sufficient particularity to meet the heightened pleading

9

standard for a fraud claim. *See* Fed. R. Civ. P. 9(b) ("[in] alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake").

Plaintiffs' allegations fall far short of the heightened pleading standard for a fraud claim, and, in fact, fail even the liberal pleading standard of Rule 8. Plaintiffs do not plead with specificity what false representations were made, who made the false representations, or explain why the representations were false or misleading. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999). Plaintiffs' confusing and conclusory allegation that some unidentified "Agent" promulgated "false representations" is insufficient to support their fraud cause of action.

Plaintiffs' fraud cause of action is dismissed with leave to amend. In any amended complaint, Plaintiffs' must provide specific factual allegations in order to meet the heightened pleading standard for fraud claims.

### 4. Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiffs also allege that "Defendants violated the breach of implied covenant of good faith and fair dealing." *See* Compl. at 27. However, "[t]he prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." *Smith v. City and County of San Francisco,* 225 Cal.App.3d 38, 49, 275 Cal.Rptr. 17 (1990). The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena,* 114 Cal.App.4th 1089, 1093-1094, 8 Cal.Rptr.3d 233 (2004) (citation omitted.) "Without a contractual relationship, [a plaintiff] cannot state a cause of action for breach of the implied covenant." *Smith,* 225 Cal.App.3d at 49.

Plaintiff have failed to plead the existence of a contract between themselves and Defendant GMAC Mortgage, and thus, their breach of implied covenant of good faith and fair dealing cause of action necessarily fails. Moreover, even if Plaintiffs had alleged the existence of a contract in connection with the July 31, 2008 loan transaction, Plaintiffs again fail to specify with which entity they contracted and how the terms of that contract were breached in any way. Finally, as

10
Case No.: 10-CV-04291-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITH PREJUDICE

1  Defendants note, Plaintiffs appear to have obtained the benefits of the loan transaction since they
2  received the $510,000 loan proceeds.

3  Thus, Plaintiffs' breach of implied covenant of good faith and fair dealing cause of action is
4  dismissed with leave to amend to cure the deficiencies identified above.

### 5. Intentional Infliction of Emotional Distress

In support of their cause of action for intentional infliction of emotional distress, Plaintiffs allege that "the conduct committed by Defendants, driven as it was by profit at the expense of increasingly highly leveraged and vulnerable consumers who placed their faith and trust in the superior knowledge and position of Defendants, was extreme and outrageous and not to be tolerated by civilized society." *See* Compl. at 29.

The elements of a cause of action for intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard for the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *See Cervantez v. J.C. Penney Co.*, 24 Cal. 3d 579 593 (1979). "For [c]onduct to be outrageous, [it] must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id*.

Plaintiffs' Complaint includes no allegations as to Defendant GMAC Mortgage's conduct making it impossible to discern whether any such conduct was so extreme as to exceed all bounds tolerated in a civilized society. Plaintiffs do not identify the other "Defendants" they refer to in the Complaint, nor do Plaintiffs allege what conduct any other potential Defendant performed. While certain conduct may seem extreme and outrageous to Plaintiffs, in any amended complaint, Plaintiffs must demonstrate that such conduct was objectively extreme and outrageous to society. *See Gutierrez*, 2009 U.S. Dist. LEXIS 38142, *16-17.

Plaintiffs' cause of action for intentional infliction of emotional distress is dismissed with leave to amend. As with the other causes of action analyzed herein, Plaintiffs must, in any amended complaint, include specific factual allegations to support their claims.

### 6. Quiet Title

Plaintiffs do not allege a separate cause of action for quiet title, but instead generally allege throughout the Complaint that "Defendants" lack standing to foreclose because they have not produced the original promissory note. *See* Compl. at 10-11, 23. Plaintiffs' Complaint does not identify which "Defendant" failed to produce the promissory note. In any event, under California law, there is no requirement that a trustee produce the original promissory note prior to a non-judicial foreclosure sale. *See, e.g.*, *Torres v. Wells Fargo Home Mortg., Inc.*, 2011 U.S. Dist. LEXIS 319, *8 (N.D. Cal. Jan. 4, 2011) (citing numerous cases).

Accordingly, Plaintiffs' reliance on a produce-the-note-theory supports no viable cause of action for quiet title. To the extent Plaintiffs' general allegations can be understood to plead a quiet title cause of action, such a cause of action is dismissed with prejudice.

## IV. CONCLUSION

For all of the foregoing reasons, Defendant's Motion to Dismiss is GRANTED in part with leave to amend and in part with prejudice as specified above. If Plaintiffs wish to file an amended complaint, **the amended complaint must be filed and served no later than February 21, 2011.** Failure to do so risks dismissal of this entire action with prejudice. Plaintiff may not add new causes of action or parties, other than those specified above, without seeking leave of the Court pursuant to Fed. R. Civ. P. 15 or obtaining Defendant's permission by stipulation. The February 3, 2011 motion hearing and Case Management Conference are vacated.

**IT IS SO ORDERED.**

Dated: January 31, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge